UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES T. BAGBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-CV-186 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

James T. Bagby, a prisoner without an attorney, filed a habeas corpus petition challenging his convictions and 30 year sentence for two counts of sexual misconduct with a minor by the Howard Circuit Court on December 16, 2009, under cause number 34C01-0901-FC-1. Mr. Bagby acknowledges that the petition signed on March 22, 2016, is untimely. He doesn't dispute the Respondent's calculation that the deadline was December 28, 2015. He argues that he is entitled to equitable tolling and can demonstrate actual innocence.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631 (2010) (quotation marks and citation omitted). Equitable tolling is an extraordinary remedy that is rarely granted. Obriecht v. Foster, 727 F.3d 744, 748 (7th Cir. 2013). "Petitioners bear the burden of proving that they qualify for equitable tolling." Taylor v. Michael, 724 F.3d 806 (7th Cir. 2013).

Mr. Bagby argues that he has pursued his rights diligently, but that his attorneys miscalculated the deadline for filing a habeas corpus petition. In support, he has filed several letters sent to and from his attorneys. These letters show that Mr. Bagby's attorneys were working on a State (not a federal) habeas corpus petition. None of the letters from his attorneys mention a deadline for filing a federal habeas corpus petition. Only a letter from Mr. Bagby includes a miscalculation of the deadline. Nevertheless, even if Mr. Bagby could produce a letter from his attorneys with a miscalculated deadline, "'Attorney miscalculation of a deadline is simply not sufficient to warrant equitable tolling,' neither is petitioner miscalculation." Taylor v. Michael, 724 F.3d 806, 812 (7th Cir. 2013) (brackets omitted) *quoting* Lawrence v. Florida, 549 U.S. 327, 336 (2007). Therefore, without regard to whether it was he or his attorneys who miscalculated the deadline, Mr. Bagby hasn't shown that he is entitled to equitable tolling.

Mr. Bagby also argues that he is actually innocent. A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." Buie v. McAdory, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). To support a claim of actual innocence the petitioner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," id., and must show that "in light of new evidence, it is more likely than not

2

that no reasonable juror would find him guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 537 (2006). Because of the difficulty of meeting this standard, such claims are "rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995).

Mr. Bagby has not submitted either scientific evidence, an eyewitness account, or physical evidence. Rather he has presented an affidavit from Dale Prophet, Jr., the child sexual misconduct victim's father which states:

> 1. While talking with my daughter, Amanda Roe she disclosed to me that she had made up the allegations in which James T. Bagby, her step father had been charged with two sexual misconduct charges. She stated she had made the whole story up just to get him into trouble.
> 2. Regretfully my daughter, Amanda Roe has had a past and current history of making false statements. 3. _____

ECF 23-2 at 36 ("3. \_\_\_\_\_" hand written in original).

"In the new trial context, motions based solely upon affidavits are disfavored because the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations. Petitioner's affidavits are particularly suspect in this regard because . . . they consist of hearsay." Herrera v. Collins, 506 U.S. 390, 417 (1993) (citation omitted). So too with this affidavit. Mr. Prophet repeats a statement made by the victim – that is hearsay. The affidavit in Herrera was given more than eight years after the trial. This one was made nearly seven years later. But "[n]o satisfactory explanation has been given as to why the affiant[] waited until the 11th hour . . . ." Id. Mr. Prophet gives no information about when he had this conversation with the victim. Nor is there any information about how this affidavit was

prepared or executed. There is no indication that this affidavit constitutes reliable evidence and it does not come close to demonstrating actual innocence.

Finally, under Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons explained in this opinion, there is no basis for encouraging Mr. Bagby to proceed further. Thus, a certificate of appealability will be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition;

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

(4) DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED.

ENTERED: June 14, 2017.

                                                   /s/ Robert L. Miller, Jr.
                                                  Judge
                                                  United States District Court